IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TEKEVA DESHUNA SHAW,        )
                                )
    Plaintiff,         )
                                )
v.                        )      No. 24-cv-02271-SHM-tmp
                                )
DERMATOLOGY REALM, et al.,   )
                                )
    Defendants.        )

---

## REPORT AND RECOMMENDATION

---

Plaintiff Tekeva Deshuna Shaw filed a *pro se* complaint on April 24, 2024, and a motion to amend on May 9, 2024. (ECF Nos. 1, 9.)[1] Because Shaw is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned recommends that Shaw's complaint be dismissed and the motion to amend be denied.

### I.    PROPOSED FINDINGS OF FACT

On April 24, 2024, Shaw filed a complaint against Dermatology Realm, Clarx Big Country Dermatology, Memphis Dermatology, MedRock Pharmacy Dermatology, Taro Pharmaceuticals, Inc., Walgreens Pharmacy, Perrigo, Westminister Pharmaceuticals, Almus

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

Pharmaceuticals, Mylan Laboratories, Inc., Valeant Pharmaceuticals International, Inc., Fougera Pharmaceuticals, Greenstone LLC, FDA, Pfizer, McKesson Corporation, Bristol-Myers Squibb, The Lasik Vision Institute, Cordova Vision Center, Helen Lim Vision Center, Methodist Le Bonheur Healthcare, Dr. Ethelyn J. Williams, Dr. Bianca J. Sweeten, and Memphis Health Center for medical malpractice, defective manufacturing, and violations of HIPAA.

(Id.) In her complaint, she alleges the following:

> Medical Malpractice – Defendants have engaged in an act of negligence and omission against the plaintiff, causing injury to the patient that has resulted in unusual pain, suffering, loss of income, hardship, and a significant burden of medical bills. Medical standards of care have been violated including failure to diagnose or misdiagnose and mistreat.

> Defective Manufacturing – Defendants have engaged in defective manufacturing and defective marketing

> Violation of HIPPA [sic].

(Id.) On May 9, 2024, Shaw filed a motion to amend the complaint seeking to add claims of negligence, personal injury, and violation of privacy against Glow Up Body Skin-Stacey Hendree and Spa and Waxed by Jaz, claims of "impersonation and exploitation" by Robin Dewey, Toriance White, and Makayla Powell, and defective manufacturing against Lyne Laboratories, Glenmark Pharmaceuticals Inc., and Cosette Pharmaceuticals, Inc. (ECF No. 9.) There are no additional facts in the motion to amend.

## II. PROPOSED CONCLUSIONS OF LAW

- 2 -

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th

Cir. 2011); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003).

Shaw's complaint and motion to amend lack factual allegations to support the claims against any of the defendants. The complaint and motion merely contain general references to the elements of the claims and legal conclusions. Additionally, Shaw's complaint fails to demonstrate that this court has subject matter jurisdiction. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, [Section] 1332 for '[d]iversity of citizenship' jurisdiction." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 512 (2006). Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." <u>Id.</u> Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Shaw's complaint does not plead a claim under the Constitution or under federal law, so there is no federal question jurisdiction. Further, Shaw lists a Memphis, Tennessee address as her residence and a number of the defendants included in this lawsuit likewise have Tennessee addresses. While the addresses alone do not necessarily determine the state of citizenship, it is the plaintiff's burden

to show that this court has subject matter jurisdiction, and the complaint fails to do so. See Williams v. Lambert, No. 16-cv-02105-JDT-tmp, 2016 WL 1445092, at *3 (W.D. Tenn. Mar. 29, 2016) ("Although a party's address is not dispositive of his or her citizenship, it strongly suggests that complete diversity is lacking in this case."); Anders v. Purifoy, No. 16-cv-2321-JDT-tmp, 2016 WL 11479290, at *4 n.2 (W.D. Tenn. May 18, 2016) (same).

### III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint be dismissed and the motion to amend be denied under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 11, 2024
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**