IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TEKEVA SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02271-SHM-tmp |
| | ) | |
| DERMATOLOGY REALM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART,
GRANTING MOTION TO AMEND, AND
DISMISSING AMENDED COMPLAINT**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), see ECF No. 10, which recommends dismissing Plaintiff's Complaint, see ECF No. 1, and denying Plaintiff's Motion to Amend, see ECF No. 9. Plaintiff has filed objections to the Report. See ECF No. 11. Also before the Court is Defendant McKesson's Motion to Dismiss. See ECF No. 13. McKesson "adopts and asserts the grounds for dismissal set forth in the Report and Recommendation." Id. The Report is ADOPTED IN PART. Plaintiff's Motion to Amend is GRANTED. Plaintiff's Amended Complaint is DISMISSED. McKesson's Motion to Dismiss is DENIED AS MOOT.

**I.   Background**

On April 25, 2024, Plaintiff, who is proceeding pro se and in forma pauperis, filed a Complaint against several Defendants. See ECF No. 1.[1] The following is the entire substance of the Complaint:

> Medical Malpractice - Defendants have engaged in an act of negligence and omission against the plaintiff, causing injury to the patient that has resulted in unusual pain, suffering, loss of income, hardship, and a significant burden of medical bills.
>
> Medical standards of care have been violated including failure to diagnose or misdiagnose and mistreat. Defective Manufacturing - Defendants have engaged in defective manufacturing and defective marketing
>
> Violation of HIPPA[2]

Id.

The causes of action and the list of Defendants are separated in Plaintiff's Complaint. The Complaint does not allege which claims apply to which Defendants. See id.

---

[1] The Defendants named in the original Complaint are Dermatology Realm, Clarx Big Country Dermatology, Memphis Dermatology, MedRock Pharmacy Dermatology, Taro Pharmaceuticals Inc., Walgreens Pharmacy, Perrigo, Westminster Pharmaceuticals, Almus Pharmaceuticals, Mylan Laboratories Inc., Valeant Pharmaceuticals International, Fougera Pharmaceuticals, Greenstone LLC, FDA, Pfizer, McKesson Corporation, Bristol-Myers Squibb, Lasik Vision Institute, Cordova Vision Center, Helen Lim Vision Center, Methodist Le Bonheur Healthcare, Dr. Ethelyn J. Williams-Neal, Dr. Bianca J. Sweeten, and Memphis Health Center. See id.

[2] The Court assumes that Plaintiff means "HIPAA", an acronym for the Health Insurance Portability and Accountability Act, Pub. L. No. 104-191, § 264, 110 Stat. 1936 (1996), 42 U.S.C. §§ 1320d, et seq.

On May 9, 2024, Plaintiff filed a one-page Motion to Amend. See ECF No. 9. Plaintiff's proposed amendment reads, in full:

> Personal Injury
>
> Negligence, personal injury and Violation of Privacy - Glow Up Body Skin and SpaStacey Hendree - 2808 Stage Center Dr. Suite 1 Bartlett, TN 38134
>
> Negligence, personal injury and Violation of Privacy - Waxed by Jaz - 1331 Union Ave Suite 908 Memphis, TN 38104
>
> Impersonation, exploitation, violation of Title 18, U.S.C., Section 249, and violation of Title 18, U.S.C., Section 24 - Robin Dewey 8714 Old River Road Cordova, TN 38018, Toriance White 8714 Old River Road Cordova, TN 38018, and Makayla Powell 8714 Old River Road Cordova, TN 38018
>
> Defective Manufacturing
>
> Lyne Laboratories, Inc 10 Burke Dr, Brockton, MA 02301
>
> Glenmark Pharmaceuticals Inc., USA 750 Corporate Dr, Mahwah, NJ 07430
>
> Cosette Pharmaceuticals, Inc. 111 Coolidge Street, South Plainfield, NJ 07080

Id.

On June 11, 2024, the Magistrate Judge issued a Report recommending that the Complaint be dismissed and the Motion to Amend be denied pursuant to 28 U.S.C. § 1915(e)(2)(B), which directs courts to dismiss in forma pauperis complaints "at any time if the court determines that . . . the action fails to state

3

a claim on which relief may be granted." See ECF No. 10. The Report finds that both the Complaint and the Motion to Amend "lack factual allegations to support the claims against any of the defendants." Id. at 4. The Report also finds that the Complaint "fails to demonstrate that this court has subject-matter jurisdiction." See id. at 4-5.

Plaintiff filed timely objections on June 25, 2024. See ECF No. 11. The objections consist mostly of legal conclusions. See id. (e.g., "I have experienced a violation of HIPPA from other listed defendants such as Dr. Ethelyn Williams-Neal."). Plaintiff argues that the "basis of [her] complaint is factual, the court [has] jurisdiction." Id.

**II.   Standard of Review**

    **A.   Law**

A magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain issues. See 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Id. The court reviews de novo portions of the report to which objections are made. See id. The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

4

magistrate judge." Id. A district court "need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made." Canaday v. Anthem Cos., Inc., 439 F. Supp. 3d 1042, 1045 (W.D. Tenn. 2020) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).

"Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). That liberal standard may require "active interpretation" in some cases. Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). However, pro se litigants must adhere to basic pleading standards, and courts are not required to develop allegations on litigants' behalf. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).

### B. Analysis

Plaintiff's timely objections are mostly general or conclusory. However, Plaintiff does argue that the "basis of [her] complaint is factual, and the court does have jurisdiction." See ECF No. 11. Those arguments address the Report's primary conclusions about the adequacy of Plaintiffs' pleadings and the Court's subject-matter jurisdiction. Construing Plaintiff's objections liberally, a de novo review of the Report is appropriate.

**III. Motion to Amend**

    **A. Law**

"If a pleading is one to which a responsive pleading is required," a party may amend it "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The Sixth Circuit has held that a plaintiff who is proceeding in forma pauperis, and whose complaint is subject to dismissal under § 1915(e), may amend her complaint once as a matter of course if the requirements of Federal Rule 15(a)(1) are met. See Moses v. Gardner, No. 15-5971, 2016 WL 9445913, at *2 (6th Cir. May 24, 2016).

    **B.  Analysis**

Plaintiff filed her Complaint on April 25, 2024. See ECF No. 1. Two weeks later, on May 9, 2024, Plaintiff filed her Motion to Amend. See ECF No. 9. When Plaintiff filed her Motion to Amend, summons had not been issued to any Defendants, no Defendant had filed a motion under Federal Rule 12, and the Magistrate Judge's Report had not been published.

Pursuant to Federal Rule 15(a)(1)(B), Plaintiff is entitled to amend her Complaint as a matter of course. Plaintiff's Motion to Amend is GRANTED. The original Complaint and the proposed amendment will be treated as the Amended Complaint.

**IV. Subject-Matter Jurisdiction**

**A. Law**

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." See Fed. R. Civ. P. 8(a)(1). Because a court's subject-matter jurisdiction "represents 'the extent to which a court can rule on the conduct of persons or the status of things,'" Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 629 (2009) (quoting Black's Law Dictionary 870 (8th ed.2004)), determining whether a court has subject-matter jurisdiction "is always a threshold determination" that a court must consider sua sponte. See Gonzalez v. Thaler, 565 U.S. 134, 141 (2012); Am. Telecom Co., LLC v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. (internal citations omitted).

7

If a federal court has original jurisdiction in a civil action, it has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a).

### B. Analysis

Plaintiff's Amended Complaint alleges three causes of action that invoke the Court's federal-question jurisdiction: "Violation of HIPPA", see ECF No. 1, and violations of 18 U.S.C. §§ 24 and 249, see ECF No. 9. Given the Amended Complaint's structure, it is not obvious against whom Plaintiff wishes to pursue her HIPAA claim. Construing the Amended Complaint liberally, the Court interprets it to assert a HIPAA claim against each Defendant named in the original Complaint.

The Amended Complaint alleges multiple state-law causes of action, including medical malpractice, defective manufacturing, negligence, and personal injury. Because the Amended Complaint does not allege facts supporting those causes of action, there is no basis for the Court to conclude that the state-law claims are "so related" to the federal claims "that they form part of the same case or controversy." § 1367(a). Without facts to

8

establish that nexus, the Court cannot exercise supplemental jurisdiction over the state-law claims.

The state-law claims must stand on their own based on the Court's diversity jurisdiction under § 1332(a). However, two of the state-law claims in the Amended Complaint, see ECF No. 9, are alleged against Defendants who are alleged to be Tennessee residents. Plaintiff is also a resident of Tennessee. See ECF No. 3, at 3. That destroys the complete diversity required for jurisdiction under § 1332(a). In the original Complaint, see ECF No. 1, twelve of the named Defendants are alleged to have Tennessee addresses. That also destroys the complete diversity required for jurisdiction under § 1332(a). Plaintiff does not allege damages with any degree of specificity. The Court cannot speculate that Plaintiff's claims exceed $75,000, the § 1332(a) amount-in-controversy requirement. The Court lacks diversity jurisdiction.

Plaintiff has sufficiently invoked the Court's federal-question jurisdiction over her claims under HIPAA and 18 U.S.C. §§ 24 and 249. Plaintiff has not pled sufficient grounds to invoke the Court's supplemental or diversity jurisdiction over her state-law claims. The state-law claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## V. Substance of Claims

### A. Law

A plaintiff who cannot afford the fees required to file a complaint in federal court may apply to proceed in forma pauperis. See 28 U.S.C. § 1915. District courts must dismiss, "at any time", in forma pauperis complaints that fail to state a claim on which relief may be granted. See § 1915(e)(2)(B)(ii).

"[T]o survive scrutiny under [§] 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The plaintiff must provide sufficient factual detail for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011)).

A court must view the complaint in the light most favorable to the plaintiff, "accepting the complaint's well-pleaded factual allegations as true and drawing all reasonable inferences in favor of [the plaintiff]." Zakora v. Chrisman, 44 F.4th 452, 464 (6th Cir. 2022). However, a court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." Com. Money Ctr., Inc. v. Ill. Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007).

District courts have discretion to dismiss cases for failure to state a claim with or without prejudice. See Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005). That discretion extends to cases dismissed pursuant to 28 U.S.C. § 1915(e). See, e.g., Marksberry v. Transp. Cabinet & Dep't of Highways of Ky., 181 F.3d 102 (Table), 1999 WL 262698, at *1 (6th Cir. Apr. 26, 1999) (affirming a dismissal with prejudice under § 1915(e)); Carter v. Channel 27 News, 142 F.3d 432 (Table), 1998 WL 68997, at *1 (6th Cir. 1998) (affirming a dismissal without prejudice under § 1915(e)).

**B.  Analysis**

Plaintiff has not stated a claim on which relief can be granted under HIPAA or 18 U.S.C. §§ 24 and 249. Plaintiff's Amended Complaint states causes of action and Defendants separately. The Amended Complaint does not state any claim against any Defendant. The Amended Complaint does not allege any facts to support Plaintiff's claims. Without factual detail, the Court cannot, without speculation, draw the reasonable inference that Defendants are liable for the alleged statutory violations. Plaintiff's claims under HIPAA and 18 U.S.C. §§ 24 and 249 are DISMISSED WITH PREJUDICE.

**VI. Conclusion**

The Magistrate Judge's Report is ADOPTED IN PART. Plaintiff's Motion to Amend is GRANTED. There are sufficient grounds for the Court to exercise federal-question jurisdiction over Plaintiff's claims under HIPAA and 18 U.S.C. §§ 24 and 249. There are insufficient grounds for the Court to exercise supplemental or diversity jurisdiction over Plaintiff's claims under state law. The state-law claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Plaintiff's claims under HIPAA and 18 U.S.C. §§ 24 and 249 are DISMISSED WITH PREJUDICE. Defendant McKesson's Motion to Dismiss is DENIED AS MOOT.

SO ORDERED this *5th* day of August, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE